UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TASHIA WINSTANLEY,

    Petitioner,

v.

ANTHONY STEWART,

    Respondent.

Case No. 15-cv-11475
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR STAY AND ABEYANCE [8, 9]**

Petitioner Tashia Winstanley, a Michigan prisoner, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1, Pet.) Winstanley challenges her state-court convictions, including for conducting a criminal enterprise (Michigan Compiled Laws § 750.15911).

On June 22, 2015, Winstanley filed a Motion to Stay the Proceedings and Hold the Petition in Abeyance. (Dkt. 8, Mot. to Stay.) She refiled this motion on October 16, 2015. (Dkt. 9.) She wishes to return to state court to exhaust additional claims. For the reasons that follow, the Court will deny the request without prejudice and allow Petitioner to again amend her motion.

**I. BACKGROUND**

Winstanley was convicted following her guilty plea in the Grand Traverse Circuit Court. Her conviction was affirmed on appeal. *People v. Winstanley*, No. 315260 (Mich. Ct. App. Nov. 27, 2013); *lv. den.* 845 N.W.2d 502 (Mich. S. Ct. 2014). The Michigan Supreme Court denied leave to appeal on April 28, 2014. *Id.* On April 23, 2015, Winstanley filed her habeas petition. In the Petition, she seeks relief on the same claims that she raised and exhausted in the Michigan

state courts. (Pet. at 5). Winstanley now seeks to hold her Petition in abeyance while she returns to state court to exhaust additional claims of ineffective assistance of counsel at both the trial and appellate levels, and to "relitigate an issue based upon a new case law . . . ." (Mot. To Stay at 2.) Respondent has not filed a response to the Motion to Stay.

## II. DISCUSSION

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson*, 139 F. 3d 491, 493 (5th Cir. 1998). This is so even with respect to a fully exhausted federal habeas petition. *See Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F. 3d 69, 83 (1st Cir. 2002)).

In many instances though, the outright dismissal of a habeas petition to allow a petitioner to exhaust state remedies might result in a time-bar when the petitioner returns to federal court due to the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. 2244(d)(1); *see also Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). In this case, AEDPA's one-year statute of limitations does pose a concern, as the Michigan Supreme Court denied Winstanley's application for leave to appeal on April 28, 2014 and she filed her Petition on April 23, 2015, leaving her a little over three months on the one-year clock at the time she filed this case. *See Ali v. Tennessee Bd. of Pardon & Paroles*, 431 F.3d 896, 899 (6th Cir. 2005) (stating that the additional ninety days in which a petitioner could have filed a petition for certiorari in the United States Supreme Court delays the state of the limitations period (citing *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc))).

Further, there is no statutory tolling while a habeas petition is pending before a federal court. *Duncan v. Walker*, 533 U.S. 167, 173 (2001). However, equitable tolling is available in limited circumstances. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

The Supreme Court has addressed the procedure by which a district court may stay a "mixed" petition (one that consists of both exhausted and unexhausted claims). *See Rhines v. Weber*, 544 U.S. 269, (2005) ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims . . . even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his claims are plainly meritless . . . . [and] if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all."). But *Rhines* is not directly applicable to Winstanley's situation, for her current Petition contains only exhausted claims.

In evaluating a similar motion, this Court recently concluded that where, as here, a habeas petition contains only exhausted claims, and the petitioner seeks to stay the petition so that she can return to state court on unexhausted claims not yet part of the petition, the Court believes that its discretion to stay the petition is informed both by the potential for parallel federal habeas and state post-conviction proceedings and *Rhines*. Chief among these considerations is the apparent merit of the unexhausted and exhausted claims and, relatedly, whether this Court would benefit from a state-court ruling on the unexhausted claims. Additionally, Rhines' 'good cause' requirement is not irrelevant: the Court is less likely to find parallel-litigation unfairly prejudicial to a habeas petitioner if the petitioner lacks a good reason for having created that potential in the first place. *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).

With that said, however, the Court finds that Winstanley's motion in its current form does not offer enough information to complete the *Thomas* analysis. The motion reads, in relevant part:

> 3. However, Petitioner wishes to Stay her Habeas in order to return to State Court to file a MCR 6.500 Motion for Relief from Judgment to raise new issues that were not raised on her direct appeal.
>
> 4. In addition, Petitioner wishes to relitigate an issue based upon a new case law which was decided after both State Courts denied her direct appeal. Her direct appeal legal argument was based upon a case law that was overturned in 2014 with a new case law. Thus Petitioner wishes to relitigate this claim based upon the new case law.
>
> 5. Petitioner wishes to raise ineffective assistance of both trial counsel and Appellate Counsel in a MCR 6.500 Motion for Relief.

(Mot. to Stay at. 2.) The motion offers no further detail regarding the purportedly overturned case law or the basis for Winstanley's intended ineffective assistance of counsel claim. (*See id.*). Without some indication of how counsel was ineffective, or a citation to the new case law Winstanley refers to in her motion, the Court cannot say either way whether a stay would be warranted in this case. Accordingly, the Court will deny Winstanley's motion without prejudice and instruct her to refile the motion with greater detail as to her proposed claims.

### III.    CONCLUSION

For the reasons set forth above, IT IS ORDERED that Winstanley's Motion to Stay is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Winstanley has until November 5, 2015 to file a new motion to stay that explains in greater detail the claims she seeks to pursue in state court and

explains why those claims were not previously exhausted.

**IT IS SO ORDERED**.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  October 19, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 19, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson
