UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TASHIA WINSTANLEY,

    Petitioner,

v.

ANTHONY STEWART,

    Respondent.

Case No. 15-cv-11475
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING PETITIONER'S AMENDED MOTION FOR STAY AND ABEYANCE [14]**

Petitioner Tashia Winstanley, a Michigan prisoner, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1, Pet.) Winstanley challenges her state-court convictions, including for conducting a criminal enterprise (Michigan Compiled Laws § 750.15911).

On June 22, 2015, Winstanley filed a Motion to Stay the Proceedings and Hold the Petition in Abeyance. (Dkt. 8, Mot. to Stay.) She refiled this motion on October 16, 2015. (Dkt. 9.) She wishes to return to state court to exhaust additional claims. The Court denied these motions without prejudice, finding that Winstanley had not supplied enough information for the Court to properly evaluate her request. (Dkt. 10.) Winstanley filed an amended motion on November 5, 2015. (Dkt. 14.) For the reasons that follow, the Court will grant the stay and hold the case in abeyance.

**I. BACKGROUND**

Winstanley was convicted following her guilty plea in the Grand Traverse Circuit Court. Her conviction was affirmed on appeal. *People v. Winstanley*, No. 315260 (Mich. Ct. App. Nov. 27, 2013); *lv. den.* 845 N.W.2d 502 (Mich. S. Ct. 2014). The Michigan Supreme Court denied

leave to appeal on April 28, 2014. *Id.* On April 23, 2015, Winstanley filed her habeas petition. In the Petition, she seeks relief on the same claims that she raised and exhausted in the Michigan state courts. (Pet. at 5). Winstanley now seeks to hold her Petition in abeyance while she returns to state court to exhaust additional claims of ineffective assistance of counsel at both the trial and appellate levels, and to "relitigate an issue based upon a new case law . . . ." (Dkt. 14, Mot. To Stay at 2*.*) Respondent has not filed a response to the Motion to Stay.

Specifically, Winstanley seeks to challenge the amount of restitution imposed based on *People v. McKinley*, 852 N.W.2d 770 (Mich. S. Ct. 2014). She says that despite the fact that she was "indicted for five victims, but only convicted of three victims," her sentencing judge "assessed points and restitution to over sixty victims." (*Id.*) Winstanley says this was illegal under *McKinley*, and that her appellate counsel's failure to raise the issue was ineffective assistance of counsel. (*Id.*) Additionally, Winstanley seeks to raise a claim pursuant to *People v. Lockridge*, 870 N.W.2d 502 (Mich. S. Ct. 2015). She states that several OV sentencing variables were improperly scored, including those related to the victims of her crime. While her appellate counsel did raise this claim of error, Winstanley states that "the Court of Appeals denied this issue [without] any reason." (*Id.* at 3.)

## II. DISCUSSION

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings*. See Brewer v. Johnson*, 139 F. 3d 491, 493 (5th Cir. 1998). This is so even with respect to a fully exhausted federal habeas petition. *See Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity

and judicial economy would be served") (quoting *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F. 3d 69, 83 (1st Cir. 2002)).

In many instances though, the outright dismissal of a habeas petition to allow a petitioner to exhaust state remedies might result in a time-bar when the petitioner returns to federal court due to the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. 2244(d)(1); *see also Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). In this case, AEDPA's one-year statute of limitations does pose a concern, as the Michigan Supreme Court denied Winstanley's application for leave to appeal on April 28, 2014 and she filed her Petition on April 23, 2015, leaving her a little over three months on the one-year clock at the time she filed this case. *See Ali v. Tennessee Bd. of Pardon & Paroles*, 431 F.3d 896, 899 (6th Cir. 2005) (stating that the additional ninety days in which a petitioner could have filed a petition for certiorari in the United States Supreme Court delays the state of the limitations period (citing *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc))). Further, there is no statutory tolling while a habeas petition is pending before a federal court. *Duncan v. Walker*, 533 U.S. 167, 173 (2001). And equitable tolling is available in only limited circumstances. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

The Supreme Court has addressed the procedure by which a district court may stay a "mixed" petition (one that consists of both exhausted and unexhausted claims). *See Rhines v. Weber*, 544 U.S. 269, (2005) ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims . . . even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his claims are plainly meritless . . . . [and] if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at

all."). But *Rhines* is not directly applicable to Winstanley's situation, for her current Petition contains only exhausted claims.

In evaluating a similar motion, this Court recently concluded that where, as here, a habeas petition contains only exhausted claims, and the petitioner seeks to stay the petition so that she can return to state court on unexhausted claims not yet part of the petition, the Court believes that its discretion to stay the petition is informed both by the potential for parallel federal habeas and state post-conviction proceedings and *Rhines*. Chief among these considerations is the apparent merit of the unexhausted and exhausted claims and, relatedly, whether this Court would benefit from a state-court ruling on the unexhausted claims. Additionally, *Rhines*' 'good cause' requirement is not irrelevant: the Court is less likely to find parallel-litigation unfairly prejudicial to a habeas petitioner if the petitioner lacks a good reason for having created that potential in the first place. *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).

The Court finds that Winstanley's proposed *Lockridge* claim is a proper basis for a stay.[1] In *Lockridge*, 870 N.W.2d at 511, the Michigan Supreme Court held, "to the extent that [offense variables] scored on the basis of facts not admitted by the defendant or necessarily found by the jury verdict increase the floor of the guidelines range, i.e, the defendant's 'mandatory minimum' sentence, that procedure violates the Sixth Amendment." Winstanley, citing *Lockridge*, wishes to assert the following claim in a state-court motion for relief from judgment: "Petitioner's OV 9, OV 10, and OV 14 were improperly scored at Petitioner's sentencing which created a higher

---

[1] A review of the *Lockridge* claim suffices for purposes of a *Thomas* analysis. But the Court notes that Winstanley's claim regarding restitution may not be a proper basis for federal habeas relief. *See Washington v. McQuiggin*, 529 F. App'x 766, 772–73 (6th Cir. 2013) ("In general, fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim." (citation and internal quotation marks omitted)).

4

sentence than should have been." (Am. Mot. to Stay at 3.) It appears that Petitioner raised the same or an overlapping claim in her Petition, in which she asserts that the sentencing judge "erred in the scoring of certain variables." (Pet. at 5A–5G.) However, at the time Winstanley filed her direct appeal in state court, as well as the time she filed her Petition in this Court, *Lockridge* had not yet been decided. As a result, when Winstanley's counsel raised the issue, the Michigan Court of Appeals "denied [it] without any reason." (Mot. to Stay at 3.)

Given *Lockridge* (and the fact that Respondent's brief, filed in October 2015, fails to cite the decision), the Court cannot say that Winstanley's proposed claim is "plainly meritless." And Winstanley is not precluded from raising new case law in a motion for relief from judgment, even where it was already raised on direct appeal. *See* MCR 6.508(D)(2) (providing that a court may not grant relief based on grounds decided against the defendant in a prior appeal "unless the defendant establishes that a retroactive change in the law has undermined the prior decision"). Moreover, it may be preferable for the state to evaluate Winstanley's *Lockridge* claim because it is potentially viable, and it would not be an efficient use of resources for the Court to simultaneously evaluate the same claim on habeas review. Winstanley also has a good basis for not pursing this claim before—*Lockridge* was decided after she filed her Petition in this Court. And the state has not opposed Winstanley's motion to stay. On balance, then, the Court finds that the *Thomas* factors favor a stay.

Where, as here, a district court determines that a stay is appropriate pending exhaustion, the Supreme Court directs that the court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Thus, Winstanley must initiate her state post-conviction remedies within ninety days of entry of this Court's order and return to federal court within ninety days of completing the exhaustion of state court post-conviction remedies.

*Hargrove*, 300 F. 3d at 721; see also *Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. CONCLUSION

For the reasons set forth above, IT IS ORDERED that Winstanley's Motion to Stay (Dkt. 14) is GRANTED and the Court will hold the habeas petition in abeyance.

It is further **ORDERED** that Petitioner must file a motion for relief from judgment in state court within ninety days of entry of this order. She shall notify this Court in writing that such motion papers have been filed in state court. If she fails to file a motion or notify the Court that she has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition. After petitioner fully exhausts her new claims, she shall file an amended petition that includes the new claims within ninety days after the conclusion of her state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for

statistical purposes.

**IT IS SO ORDERED**.

                              s/Laurie J. Michelson
                              LAURIE J. MICHELSON
                              UNITED STATES DISTRICT JUDGE

Dated: February 8, 2016

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 8, 2016.

                              s/Jane Johnson
                              Case Manager to
                              Honorable Laurie J. Michelson