UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TASHIA WINSTANLEY,

     Petitioner,

v.

ANTHONY STEWART,

     Respondent.

Case No. 15-11475
Honorable Laurie J. Michelson

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS [1]

Tashia Winstanley, a Michigan prisoner, filed this action for a writ of habeas corpus under 28 U.S.C. § 2254. Winstanley pled guilty in the Grand Traverse Circuit Court to one count of conducting a criminal enterprise, Mich. Comp. Laws § 750.159i(1), and two counts of false pretenses, Mich. Comp. Laws § 750.218. Winstanley was sentenced to a controlling term of 10 to 20 years for the criminal enterprise conviction and lesser concurrent terms for the false pretenses convictions.

The petition raises three exhausted claims: (1) the trial court erred in scoring certain offense variables of the sentencing guidelines, (2) the trial court erred by departing upward from the minimum sentencing guideline range, and (3) Winstanley's sentence constitutes cruel and unusual punishment under the Eighth Amendment.[1]

The Court will deny the petition and a certificate of appealability because Winstanley's claims are without merit.

---

[1] Winstanley successfully moved to stay this case so she could exhaust additional claims in the state courts, but because she failed to comply with the terms of the stay order the case was reopened for adjudication of only her exhausted claims. (*See* ECF No. 19.)

**I.**

The charges against Winstanley arose from a scheme in which she ran a company promising to help Michigan homeowners lower their mortgage payments and avoid foreclosure. But instead, Winstanley transferred clients' funds for personal use and failed to perform any real work to seek modification of the mortgages. Winstanley stole nearly $250,000 from roughly sixty clients.

After Winstanley pled guilty, the sentencing guidelines were scored over objection for a minimum sentence between 51 and 85 months for the criminal enterprise offense. (ECF No. 12-3, PageID.227.) The sentencing court departed above the recommended range and sentenced Winstanley to a term of 10 to 20 years. (*Id*. at PageID.264.)

Winstanley thereafter filed an application for leave to appeal in the Michigan Court of Appeals raising the three claims at issue in her habeas petition. The Michigan court denied the application "for lack of merit in the grounds presented." *People v. Winstanley*, No. 315260 (Mich. Ct. App. Nov. 27, 2013).

Winstanley then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims. The application was denied by standard order, stating the court was "not persuaded that the question presented should be reviewed." *People v. Winstanley*, 845 N.W.2d 502 (Mich. 2014) (unpublished table decision).

Winstanley filed her petition for a writ of habeas corpus in 2015. While the petition has been pending, Winstanley was released on parole in September 2020. *See Offender Information Tracking System*, Michigan Department of Corrections, https://perma.cc/26DP-SS8E**.**

**II.**

2

The Antiterrorism and Effective Death Penalty Act (AEDPA)—28 U.S.C. § 2254 in particular—"confirm[s] that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). Thus, if a claim was "adjudicated on the merits in State court proceedings," this Court cannot grant habeas corpus relief on the basis of that claim "unless the adjudication of the claim . . . resulted in a decision" (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### III.

Winstanley raises three claims. The first two claims raised in the application rely entirely on state law. Winstanley does not assert in either of her first two claims that the scoring of the guidelines or the departure from the recommended guideline range violated her federal constitutional rights. Winstanley's third claim, however, asserts a violation of the Eighth Amendment, which of course is a claim under federal law.

### A. Scoring of Offense Variables

The exhausted portion of Winstanley's first claim asserts that the trial court incorrectly scored several of her sentencing offense variables.[2] In particular, Winstanley challenges the scoring for the offense variables related to the number of victims, predatory conduct, and leading

---

[2] The petition also asserts that the scoring of the guidelines violated Winstanley's Sixth Amendment jury trial rights under *Blakely v. Washington*, 5452 U.S. 296 (2004). (ECF No. 1, PageID.6.) This argument was not presented to the state courts during Winstanley's direct appeal. Winstanley was given an opportunity to present this unexhausted claim to the state courts in a post-conviction review proceeding, but as indicated above Winstanley failed to comply with the terms of the Court's order staying the case. Accordingly, the Court will not consider the unexhausted federal aspect of Winstanley's first claim. 28 U.S.C. § 2254(b).

3

a multiple-offender offense. Winstanley asserts that no points should have been scored for any of these variables. The Michigan Court of Appeals rejected this claim by denying Winstanley's application for leave to appeal "for lack of merit in the grounds presented." *People v. Winstanley*, No. 315260 (Mich. Ct. App. Nov. 27, 2013).

Generally, "[a] claim that the trial court improperly calculated the petitioner's sentence under state law is not cognizable in federal habeas proceedings." *Sweet v. Howes*, No. 16-2247, 2017 WL 2385274, at *2 (6th Cir. June 1, 2017). There is an exception when "the scoring of the offense variables was so unfair as to violate [petitioner's] due process rights or that the trial court relied on inaccurate information during sentencing." *Gunn v. Burton*, No. 19-1077, 2019 WL 7602327, at *3 (6th Cir. July 30, 2019). But that is not the case here. The trial court scored OV9 (number of victims) based on a finding that the record showed at least 60 people were the victim of Winstanley's criminal enterprise. (ECF No. 12-3, PageID.221–222.) For OV10 (predatory conduct), the trial court found that a review of the record, including victim impact statements, showed that Winstanley "took advantage of [] relationships of trust and confidence and friendship and did begin to prey on a large number of people." (*Id*. at PageID.223.) Finally, for OV15 (leading a multiple-offender offense), the trial court found it was proper to consider Winstanley's LLC as another offender for purposes of scoring because corporations often commit harmful crimes and there was no evidence that the legislature intended to exclude consideration of corporations in scoring the OV. (*Id*. at PageID.224–225.) As such, "the scoring of the offense variables was [not] so unfair as to violate [Winstanley's] due process rights." *Gunn*, 2019 WL 7602327, at *3.

### B. Recommended Guideline Range Departure

Winstanley's second claim asserts that the trial court erred under state law when it imposed a sentence that exceeded the recommended guideline sentence. Winstanley asserts that under

Michigan law a court may depart from the recommended range only if substantial and compelling reasons exist, and here the reasons placed on the record by the trial court were already accounted for by the guidelines. This claim, which amounts to another assertion that the trial court erred under state law, is also not cognizable in this action because Winstanley does not argue the departure was a violation of any federal due process right. *See Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000); *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004) ("[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations.").

### C. Cruel and Unusual Punishment

Winstanley's third claim asserts that her sentence constitutes cruel and unusual punishment under the Eighth Amendment because a 10-to-20-year prison term is disproportionate to the harm caused by her offense.

The United States Constitution does not require strict proportionality between a crime and punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality" (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980))). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). And "[o]rdinarily, this court will not engage in a

5

proportionality analysis 'except in cases where the penalty imposed is death or life in prison without possibility of parole.'" *United States v. Clark*, 41 F. App'x 745, 751 (6th Cir. 2002) (citing *United States v. Organek*, 65 F.3d 60, 63 (6th Cir. 1995)).

Winstanley is not entitled to a writ on the basis of her Eighth Amendment claim. She was not sentenced to death or life in prison without the possibility of parole, and her sentence falls within the maximum penalty under state law. The sentencing transcript indicates that Winstanley's conduct had devastating effects and resulted in financial ruin for many of her clients. (ECF No. 12-3, PageID.241–265.) Thus, Winstanley's 10-to-20-year sentence does not present the extraordinary case that runs afoul of the Eighth Amendment's ban on cruel and unusual punishment.

As none of Winstanley's claims merit relief, the petition will be denied.

## IV.

Before Winstanley may appeal this decision, the Court must determine whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy § 2253(c)(2), Winstanley must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

The Court finds that reasonable jurists would not debate the resolution of Winstanley's claims because they are devoid of merit or barred from review. The Court will therefore deny a

certificate of appealability. Also, because an appeal could not be taken in good faith, the Court denies permission to appeal in forma pauperis. 28 U.S.C. § 1915(a)(3).

## V.

Accordingly, the Court 1) DENIES WITH PREJUDICE the petition for a writ of habeas corpus (ECF No. 1), 2) DENIES a certificate of appealability, and 3) DENIES permission to appeal in forma pauperis.

SO ORDERED.

Dated:  February 25, 2021            s/Laurie J. Michelson
      Detroit, Michigan              LAURIE J. MICHELSON
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2021

                                      s/Karri Sandusky on behalf of
                                      Erica Karhoff, Case Manager